UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM E. POWELL,

Plaintiff,

v.

INTERNAL REVENUE SERVICE, *et al.*,

Defendants.

Civil Action No. 17-278 (JEB)

## MEMORANDUM OPINION & ORDER

Plaintiff William E. Powell, proceeding *pro se*, filed this action in February 2017 as part of his ongoing quest for tax records relating to his family's printing companies and a few of his forebears. The case, to date, has barely gotten off the ground. Defendants Internal Revenue Service, Department of Justice, and U.S. Attorney (presumably, of the Eastern District of Michigan) initially moved to dismiss the Complaint as lacking a cognizable cause of action, but that motion became moot when Powell swiftly filed an Amended Complaint stating a Privacy Act count in June 2017. See ECF No. 11 (Amended Complaint) at 13-14.

This time unprompted, Plaintiff asks for leave to amend once more so that he can add a Freedom of Information Act cause of action. See ECF No. 16-1 (Second Amended Complaint) at 14. Later in June, Powell had sent the IRS five Privacy Act and FOIA requests, again seeking records pertaining to the family business. See, e.g., ECF Nos. 16-28, 16-30, 16-32, 16-33. It might bear noting that these are not his only efforts pertaining to this subject matter. See Powell v. IRS, No. 16-1682, 2017 WL 2533348, at *3 (D.D.C. June 9, 2017) (mentioning roughly 89 other FOIA requests). Plaintiff believes that his Second Amended Complaint would be an appropriate warehouse to store a FOIA claim stemming from those new requests.

The Government disagrees. It argues that the Second Amended Complaint passes neither as an amendment under Federal Rule of Civil Procedure 15(a) nor as a supplement under Rule 15(d). Rather, Defendants remark, "initiat[ing] an entirely new cause of action related only to the June 2017 requests . . . is not contemplated by Rule 15." Opp. at 3. Tired of chasing Powell's various pleadings around, they wish to stick with the Amended Complaint.

This position is not convincing. An addition to pleadings may either be "an 'amendment' under Rule 15(a) or a 'supplemental pleading' under Rule 15(d)." United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002). While somewhat of a technical division, the "distinguishing feature of the latter is that it sets forth 'transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" Id. (quoting Fed. R. Civ. P. 15(d)) ("[T]he distinction is in most instances of little moment."). Powell may style his new pleading as a Second Amended Complaint, but his add-on is more accurately a supplement. See Hall v. CIA, 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of [a] new FOIA request is plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d).").

Never mind this minor semantic difference. Following a "motion and reasonable notice, the court may, on just terms, permit" such supplementation. See Fed. R. Civ. P. 15(d). "[S]uch motions are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" Hall, 437 F.3d at 101 (quoting 6A Charles Alan Wright & Arthur R. Miller, et al., Federal Practice & Procedure § 1504 (2d ed. 2000)); see Gomez v. Wilson, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973) ("[T]he basic aim of the rules [is] to make pleadings a means to achieve an orderly and fair administration of justice.") (quoting Griffin v. Cty. Sch. Bd., 377 U.S. 218, 227 (1964)).

The equities here favor permitting the Second Amended Complaint. First, even with the new addition, the case remains an action to obtain particular pieces of Powell-family tax information; dealing with the controversy as one is far preferable to requiring Powell to open yet another case. Second, Plaintiff sought permission to file the Second Amended Complaint less than a month after filing his Amended Complaint and not long after he sent in these recent Privacy Act and FOIA requests. Third, the Court can see no prejudice to Defendants as the newest claim is "closely related to the claim[] already before the [C]ourt" in that it appears to seek similar records. Fund for Animals v. Hall, 246 F.R.D. 53, 55 (D.D.C. 2007).

The Government's general legal point that a plaintiff cannot add an "entirely new cause of action" related only to post-litigation events, moreover, lacks merit. See Opp. at 3. Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit." Griffin, 377 U.S. at 227. That pleading "may include allegation[s] of recent incidents . . . and, of course, presentation of such legal contentions as may be indicated" by those events. Gomez, 477 F.2d at 417 (footnotes omitted); see Wright & Miller, § 1506 (3d ed. 2017) ("[A] supplemental pleading may include a new 'cause of action' when it would be convenient to litigate all the claims between the parties in the same action."); cf. Hall, 437 F.3d at 101 (affirming district-court denial of addition of FOIA claim, but only after considering "[d]elay and prejudice").

For these reasons, the Court ORDERS that: (1) Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED; (2) the Second Amended Complaint is deemed FILED; and (3) Defendants shall file a response to the Second Amended Complaint by August 30, 2017.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 17, 2017